UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 8:19-cv-3170-T-60JSS

GREAT AMERICAN INSURANCE CO.,
as subrogee of Vandernoored Partners
LLP,

      Plaintiff,

vs.

CRAIG MUELLER, an individual,

      Defendant,

_____/

## PLAINTIFF'S MEMORANDUM, PER COURT ORDER [D.E. 29]

Plaintiff, GREAT AMERICAN INSURANCE CO. ("GAIC"), by and through undersigned counsel and pursuant to this Court's Endorsed Order [D.E. 29], hereby files its memorandum, and states:

## INTRODUCTION

This matter involves a December 15, 2017, incident at Regatta Pointe Marina ("the marina") in Palmetto, Florida, wherein a significant amount of diesel fuel spilled overboard from the port side of Defendant's vessel into the waters at the marina while docked. At the time of the subject spill, Defendant's vessel was docked at the marina pursuant to a contract between the parties ("slip agreement").

On January 3, 2020, Defendant, CRAIG MULLER, filed his Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 6], asserting six affirmative defenses. Defendant's First Affirmative Defense alleges that Plaintiff has failed to establish standing in this matter because Plaintiff failed to provide evidence of the purported contract between GAIC and Vandernoored

Partners, LLP ("Vandernoored"). [D.E 6]. Defendant's Second Affirmative Defense asserts that Plaintiff's claims are barred due to the comparative negligence of Plaintiff's insured, Vandernoored or Vandernoored's agents. *Id.* Defendant's Third Affirmative Defense alleges that Plaintiff's incident was caused by an intervening/superseding cause, condition, or event. *Id.* Defendant's Fourth Affirmative Defense alleges that this action is barred due to Vandernoored's breach of the contract. *Id.* Defendant's Fifth Affirmative Defense alleges that Vandernoored fraudulently induced Defendant into entering the contract. *Id.* Defendant's Sixth Affirmative Defense seeks attorney's fees and court costs. *Id.* For the reasons set forth below, Plaintiff respectfully submits that Defendant has failed to establish any evidence supporting his alleged affirmative defenses[1].

## **MEMORANDUM OF LAW**

### I.   **Defendant bears the burden of proof on his Affirmative Defenses.**

"An affirmative defense is an assertion of facts or law by the defendant that, if true, would avoid the action and the plaintiff is not bound to prove that the affirmative defense does not exist." *Custer Med. Ctr. v. United Auto. Ins.* Co., 62 So. 3d 1086, 1096 (Fla. 2010). It stands to reason that because affirmative defenses assert facts exceeding those alleged by the plaintiff, the defendant who asserts the affirmative defense bears the burden of proof. *Id.* at 1097 ("the burden of proving each element of an affirmative defense rests on the party that asserts the defense.").

Here, Defendant has failed to put forth any evidence supporting his affirmative defenses. Rather, Defendant relies solely on his *ipse dixit* allegations in support of his affirmative defenses. Defendant has not noticed a single deposition. He has chosen not to depose the marina manager or

---

[1] It should also be noted that Defendant's Affirmative Defenses fails to "identify the [specific] claim to which [each] defense applies." *Daley v. Scott*, 215CV269FTM29DNF, 2016 WL 3517697, at *4 (M.D. Fla. June 28, 2016) (citing *Lee v. Habashy*, No. 6:09CV671ORL28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). "Indeed, the Eleventh Circuit Court of Appeals has routinely criticized shotgun pleading of affirmative defenses, that is, "affirmative defenses address[ing] the complaint as a whole, as if each count was like every other count, instead of each defense being directed at specific counts in the complaint." *Id.* (internal citation omitted).

any marina employee, has not served Plaintiff with any interrogatories, has not served Plaintiff with any requests for production, and has not disclosed any expert witnesses. The parties' discovery deadline has now passed. As such, Defendant's conclusory allegations are devoid of any substantive evidence supporting his affirmative defenses.

### A. Defendant has not put forth evidence supporting  his First Affirmative Defense

Contrary to Defendant's assertion, Plaintiff has provided evidence of the subject contract between GAIC and Vandernoored. *See* Slip Agreement, attached hereto as **Exhibit 1.** Therefore, Defendant's First Affirmative Defense is futile. Moreover, Defendant has failed to provide any evidentiary support that Plaintiff failed to provide documentary evidence that GAIC indemnified Vandernoored for the losses alleged in the present action. Rather, Defendant relies solely on his conclusory allegations. As such, Defendant fails to support his First Affirmative Defense.

### B. Defendant has not put forth Evidence to Support his Second Affirmative Defense

Comparative negligence considers a plaintiff's negligence in calculating damages, intending to reduce damages based upon the percentage to which the plaintiff's negligence contributed to the alleged injury. *Foster v. United States*, 858 F. Supp. 1157, 1162 (M.D. Fla. 1994) ("The analysis applied to Plaintiff's negligence claim is applied to Defendant's affirmative defense of comparative negligence."). Defendant has not put forth any evidence that Vandernoored and/or Vandernoored's agents were in any way negligence or contributed to the incident. As such, Defendant cannot meet his burden of establishing his Second Affirmative Defense.

### C. Defendant has not put forth Evidence to Support his Third Affirmative Defense

An intervening cause is defined as "an independent cause which intervenes between the original wrongful act or omission and the injury, turns aside the natural sequence of events, and produces a result which would not otherwise have followed and which could not have been

reasonably anticipated." *Sexton v. United States*, 132 F. Supp. 2d 967, 975 n.5 (M.D. Fla. 2000). While a superseding cause is "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Id*. Defendant has not provided any factual or evidentiary support that a superseding or intervening event caused Plaintiff's injury and has not provided any support as to what the superseding or intervening event consisted of. Rather, again, Defendant relies solely on boilerplate affirmative defense devoid of any factual support. As such, Defendant cannot meet his burden in establishing an evidentiary basis for his Third Affirmative Defense.

### D.  Defendant has not put forth Evidence to Support his Fourth Affirmative Defense

"[T]he party defending a contract action bears the burden of proof on any affirmative defense." *In re Print Harmony*, LLC, 567 B.R. 632, 638 (Bankr. M.D. Fla. 2017).  To assert a breach of contract affirmative defense, a party must do more than offer bare-bones conclusory allegations. *Daley*, 2016 WL 3517697, at *1 ("If the affirmative defense comprises no more than bare-bones conclusory allegations, it must be stricken."). Here, Defendant has provided no evidence that Vandernoored either breached the contract or failed to provide a safe and suitable marina. There is no record evidence supporting Defendant's Fourth Affirmative Defense.

### E.  Defendant has not put forth Evidence to Support his Fifth Affirmative Defense

To prevail on a fraudulent-inducement defense, a party must establish "(1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." *Paul Gauguin Cruises, Inc. v. eContact, Inc.,* 576 F. App'x 900, 904 (11th Cir. 2014 )(internal citation omitted); see also *Sundale, Ltd. v. Florida Associates Capital Enterprises, LLC*, 11-20635-CIV, 2012 WL 488110, at *9 (S.D. Fla. Feb. 14, 2012), aff'd sub nom. *In re*

*Sundale, Ltd*., 499 Fed. Appx. 887 (11th Cir. 2012) ("To establish fraudulent inducement [], the party alleging fraud must prove by the greater weight of the evidence that a false statement concerning a material fact was made."); *East Bay Ltd. Partnership v. American Gen. Life & Accident Ins. Co*., 744 F. Supp. 1118, 1122 (M.D. Fla. 1990) (the burden of proof in establishing fraudulent inducement lies with the party asserting it). Here, Defendant has offered no evidence that Plaintiff made a false statement regarding a material fact (other than his self-serving testimony), nor that Plaintiff had knowledge that the representation was false. Further, Defendant failed to even attempt to establish that Plaintiff intended a representation to induce Defendant's reliance. Again, Defendant has failed to engage in any significant discovery in this matter. Therefore, Defendant has failed to support his Fifth Affirmative Defense.

### F. <u>Defendant has not put forth Evidence to Support his Sixth Affirmative Defense</u>

"A bare request for attorneys' fees that does not raise any facts to vitiate plaintiff's claims is not a viable defense." *Confianca Mudancas E Transportes LTDA v. Confianca Moving, Inc.*, 09-21763-CIV, 2009 WL 10667442, at *2 (S.D. Fla. Dec. 23, 2009). Here, Defendant has not put forth evidence that Plaintiff acted in bad faith or that Defendant is entitled to attorneys' fees.

WHEREFORE, Plaintiff, GREAT AMERICAN INSURANCE CO., respectfully submits that Defendant failed to establish any evidence supporting his alleged affirmative defenses and requests that this Court enter an Order striking Defendant's Affirmative Defenses, and for any further relief, this Court deems just and proper.

Respectfully submitted,

**McALPIN CONROY, P.A.**
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
(305) 810-5400 Tel.
(305) 810-5401 Fax
*By: /s/ George S. Florez*
George S. Florez, Esq.
FL Bar No.: 127331
GFlorez@McAlpinConroy.com
RAlvarez@McAlpinConroy.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 26, 2021, the undersigned counsel served the foregoing through the CM/ECF electronic filing system upon on all counsel on the attached service list. I also certify that the foregoing document is being served this day on all counsel of record or prose parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF on in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

## SERVICE LIST

Craig A. Mueller, Esq.
723 South Seventh Street
Las Vegas, NV 89101
Telephone: (702) 382-1200
electronicservice@craigmuellerlaw.com